UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PHELPS and TAMMY PHELPS,

    Plaintiff(s),

v.

THE CITY OF ECORSE, a municipal corporation, SERGEANT CORNELIUS HERRING, POLICE OFFICERS JOHN DOE 1-20 and POLICE SUPERVISORS ROE 1-20, in their individual and supervisory capacities,

    Defendant(s).
    _____/

Case No. 09-12311

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER [17]**

This action, alleging violations of Plaintiffs' Fourth and Fourteenth Amendment rights, and brought pursuant to 42 U.S.C. § 1983, comes before the Court on Plaintiffs' motion for leave to amend and Plaintiffs' motion to amend the scheduling order. For the reasons set forth below, Plaintiffs' motion for leave to amend is GRANTED and Plaintiffs' motion to amend the scheduling order is GRANTED IN PART and DENIED IN PART. The dates in this Court's Scheduling Order, dated September 15, 2009 [Docket Text # 12] are hereby extended 120 days.

**I.    Facts**

This matter involves an allegation of mistaken execution of a search warrant on September 28, 2008 at Plaintiffs' residence—19 Florence, River Rouge, Michigan.

Plaintiffs' house is located next door to property that was the subject of the search warrant—17 Florence, River Rouge, Michigan (subject property). Plaintiffs' house was the fourth dwelling west of Jefferson, and the subject property was the third dwelling west of Jefferson. A search warrant was allegedly issued for "the dwelling located at 17 Florence, 'the *third* dwelling west of West Jefferson.'" (Am. Compl. ¶ 32 (emphasis in original).) Defendants, however, mistakenly executed the search warrant on Plaintiffs' residence at 19 Florence.

Plaintiffs allege that Defendants' actions—bursting into Plaintiffs' house, raiding the house, ordering Plaintiffs to the floor at gunpoint, forcibly grabbing Plaintiffs and throwing them to the floor, and handcuffing Tammy Phelps—violated their right to be free from unreasonable search and seizure, unlawful arrest and the use of excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

On June 15, 2009, Plaintiffs filed their original Complaint, [Docket Text # 1], naming the City of Ecorse, Sergeant Herring, several "John Doe" police officers and supervisors as Defendants. Following limited discovery, including the depositions of Wyandotte Police Officer McInchak and Defendant Herring, Plaintiffs gained sufficient information regarding the underlying incident to name several new defendants. (Pls.' Mot. at 2-3 [Docket Text # 17].)

**II. Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. Fed. R. Civ. P. 15(a). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*,

371 U.S. 178 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## III. Analysis

In their Amended Complaint, Plaintiffs propose to add the following new defendants: (1) Chief Jerry Copeland, in his official and individual capacities; (2) Corporal Timothy Sassak; (3) Downriver Community Conference Partnership acting as Downriver Mutual Aid acting as Downriver Swat, a municipal corporation; (4) Team Leader Steven McInchak; and (5) Jim Doe 1-5 Downriver Swat officers, acting in their individual and supervisory capacities. (Am. Compl. ¶¶ 3, 5, 8-10.) Plaintiffs argue that, "[p]ursuant to Federal Rule of Civil Procedure 15(a)(2), justice requires that Plaintiffs be granted leave to amend their Compliant so that all persons with significant potential liability are properly pled, served and joined [in] this action to avoid additional separate actions and burdens to judicial economy." (Pls.' Mot. at 3-4.)

Defendants do not contest the proposed amendment on undue delay or prejudice grounds, and only challenge—as futile[1]—two of the proposed new defendants: Chief Copeland and Officer Sassak. Regarding Chief Copeland, Defendants argue:

> Police Chief Copeland is sued in both his official and individual capacities. [I]ndividual capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To establish personal liability in a §1983 action, the

---

[1] "'A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.'" *Fitzke v. Shappell*, 468 F.2d 1072, 1077 n.6 (6th Cir. 1972) (quoting *Lucarell v. McNair*, 453 F.2d 836, 838 (6th Cir. 1972)).

> Plaintiff must show that the individual Defendant was personally liable for the deprivation of his constitutional rights. *Id.* A defendant cannot be personally liable under a theory of respondeat superior—officials can only be personally liable for their own unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Liability of supervisory personnel must be based on more than merely the right to control employees and cannot be based on simple negligence. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).
>
> In order for liability to attach[,] Plaintiff must prove that Chief Copeland "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Gregory v. Louisville*, 444 F.3d. 725, 751 (6th Cir. 2006)(quoting *Leach v. Shelby County Sheriff*, 891 F.2d. 1251, 1246 (6th Cir. 1989)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees." *Id.* Furthermore, supervisory liability under §1983 cannot attach where the allegation of liability is based upon a failure to act. *Gregory, supra.* at 751. Rather, the supervisor must have actively engaged in unconstitutional behavior. *Id.*
>
> In this case, there is no allegation that Chief Copeland actively engaged in unconstitutional behavior. He was not directly involved in the search of the Plaintiff's residence, nor did he encourage any alleged misconduct by the participating officers. There is, therefore, no basis for liability against Chief Copeland and the proposed amendment to add him as a party is futile.

(Defs.' Resp. at 3-4 [Docket Text # 21].) This Court disagrees with Defendants: Plaintiffs have alleged that Copeland "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees." *Leach*, 891 F.2d. at 1246. Specifically Plaintiffs allege:

> 37. Prior to the execution of the search warrant intended and authorized for execution at 17 Florence, Defendants SWAT and McINCHAK, together with Defendants ECORSE, COPELAND, HERRING and SASSAK, held a pre-raid briefing session in which it was agreed that, by description, the wrong house, 19 Florence, would be entered by members of the SWAT team notwithstanding the fact that the officers had no warrant or permission to enter that location, nor any reasonable basis on which to do so.
>
> 43. At all times herein, Defendants ECORSE and COPELAND knew and/or were on actual notice that Defendant SASSAK was likely to engage, as a police officer, in conduct likely to lead to police actions by himself and other

4

police officers that would, in all probability, result in the violations of the constitutional rights of others.

44. At all times herein, Defendants ECORSE and COPELAND knew and/or were on actual notice that Defendant SASSAK was likely to make statements that were dishonest, false, inaccurate and, as a result, likely to lead to police actions by himself and other police officers that would, in all probability, result in the violations of the constitutional rights of others.

74. At all times herein, Defendant COPELAND affirmatively condoned and ratified the unconstitutional conduct of Ecorse Police Officers, including but not limited to Defendant SASSAK, by instructing his supervisory officer, Defendant HERRING not to document either the entry into the wrong house or the improper conduct by Defendant SASSAK which resulted in the violation of Plaintiffs' constitutional rights, to wit:
   a. When Defendant COPELAND was told that there had been a wrongful entry into the Plaintiffs' home and was asked by Defendant HERRING whether a report should be written regarding that incident, he refused to instruct HERRING to do so, in an attempt to cover this matter up;
   b. When Defendant COPELAND was told that what Defendant SASSAK had said when questioned about the wrongful entry into the Plaintiffs' home, i.e. "F*** it, it's not my money, it's the City's money" and then was asked by Defendant HERRING whether a report should be written regarding that statement, as a matter of policy of the Ecorse Police Department, he refused to instruct HERRING to do so, in an attempt to cover this matter up, rather than to appropriately supervise, train and discipline SASSAK and other Ecorse officers; and
   c. Defendant COPELAND deliberately refused to instruct, supervise and, particularly, discipline SASSAK, and other Ecorse police officers, as a matter of explicit policy of the Ecorse Police Department, refused to do so in an attempt to cover up this incident and, as a matter of the explicit policy of the Defendant ECORSE, to generally cover up misconduct by Ecorse police officers.

(Am. Compl. ¶¶ 37, 43-44, 74.) Accordingly, Plaintiffs' motion for leave to amend to add Copeland as a defendant, in his individual capacity, is granted. Although the City of Ecorse is already a named Defendant in this action, Plaintiffs' motion for leave to amend to add Copeland as a defendant, in his official capacity, is also granted.

Regarding Officer Sassak, Defendants argue that

5

> there is also no basis for liability against him. Given that the Plaintiffs cannot maintain a §1983 claim against ... Officer Sassak, the proposed amendments are futile and must be denied.

(Defs.' Resp. at 5.)

Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity." To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege: (1) a deprivation of a right secured under the Constitution or federal law; and (2) that a person acting under color of state law subjected him to the deprivation or caused him to be subjected to the alleged deprivation. *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003) (citing *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996)).

Plaintiffs have alleged violations of their right to be free from unreasonable search and seizure, unlawful arrest and the use of excessive force under the Fourth and Fourteenth Amendments. Plaintiffs have also alleged that a person acting under color of state law (i.e., Sassak) committed the deprivation of their rights. Specifically, regarding Sassak, Plaintiffs allege:

> 32. At the aforementioned time and place, based upon alleged information provided by a "confidential informant" ("CI") who claimed to have purchased illegal narcotics at 17 Florence, Defendants SASSAK and HERRING obtained a search warrant that allowed law enforcement officers lawful entry only at the dwelling located at 17 Florence, "the *third* dwelling west of West Jefferson." (emphasis added)
>
> 33. In obtaining the aforementioned warrant, the Defendants SASSAK and HERRING stated, under oath in the Affidavit and Request for Search Warrant, that they had actually observed the confidential informant both enter and leave 17 Florence Street, the third dwelling from Jefferson, within the 48

hour period prior to September 25, 2008, and that he entered while in possession of marked currency and without any illegal narcotics and exited without the currency but in possession of illegal narcotics.

34. The statements that the Defendants HERRING and SASSSAK had actually seen the confidential informant enter and exit from 17 Florence Street were false statements and were made to obtain the warrant so to enter 17 Florence Street. This false statement was made pursuant to a custom, policy and practice of the Defendant ECORSE.

37. Prior to the execution of the search warrant intended and authorized for execution at 17 Florence, Defendants SWAT and McINCHAK, together with Defendants ECORSE, COPELAND, HERRING and SASSAK, held a pre-raid briefing session in which it was agreed that, by description, the wrong house, 19 Florence, would be entered by members of the SWAT team notwithstanding the fact that the officers had no warrant or permission to enter that location, nor any reasonable basis on which to do so.

40. Notwithstanding the clear description and address of the house in the search warrant, Defendant SASSAK, at all times acting as an Ecorse police officer and under color of law stated and instructed Defendant McINCHAK and other SWAT officers, on the day of the actual execution of the search warrant, as follows:
   a. That he had actually observed the confidential informant enter the rear door of the building which is 19 Florence, the fourth dwelling west of Jefferson, the Plaintiffs' home; and
   b. That this dwelling, 19 Florence, is the home that should be entered by SWAT officers, pursuant to the Search warrant, referenced above.

46. In the course of, and after becoming aware of the unlawful entry, as set forth above, the individual Defendants, SASSAK, HERRING, McINCHAK, JOHN DOES, JIM DOES and ROES, acting in concert, supervised, planned, witnessed, participated in and/or engaged in the following excessive and unreasonable actions:
   a. They burst into the Plaintiffs' home, without probable cause and without permission or a valid warrant;
   b. They raided the Plaintiffs' home, using large numbers of Defendant JIM DOE police officers, police vehicles, bright lights and loud noise, all in ways that were designed to publicly embarrass the Plaintiffs and were highly audible, visible and public in the Plaintiffs' neighborhood and amongst their neighbors;
   c. They ordered the Plaintiffs to the floor, at gunpoint, forcefully grabbing Plaintiffs, and throwing them to the floor;

  d. Even after realizing they were in the wrong house, they continued to hold Plaintiffs prisoners in their own house, all the while pointing their guns at Plaintiffs and their children;

  e. They pushed the Plaintiff MICHAEL PHELPS' face and head with the barrel of a gun, whenever he lifted his head off the ground;

  f. They handcuffed the Plaintiff TAMMY PHELPS;

  g. They searched the Plaintiffs' home, without probable cause or the permission or consent of the Plaintiffs; and

  h. They spoke loudly to the Plaintiffs and their family in rude and insulting terms.

47. Almost immediately after their unlawful entry into the Plaintiffs' home, the Defendants were aware of their error, i.e. that they had unreasonably raided and entered the wrong house. Nonetheless, knowing full well the unlawfulness of their actions, they persisted in the actions set forth above, in Paragraphs 46, herein above, for an extended and excessive period of time, long after they knew that they had entered the wrong house and had no right to be there.

(Am. Compl. ¶¶ 32-34, 37, 40, 46-47.) Accordingly, Plaintiffs' motion for leave to amend to add Sassak as a defendant is granted.

Defendants do not contest the addition of the other new defendants.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend is GRANTED and Plaintiffs' motion to amend the scheduling order is GRANTED IN PART and DENIED IN PART. The dates in this Court's Scheduling Order, dated September 15, 2009 [Docket Text # 12] are hereby extended 120 days.


    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: February 25, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 25, 2010, by electronic and/or ordinary mail.

   s/Carol A. Hemeyer
   Case Manager